UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANITA LOPEZ, | ) | 1:10-cv-01265-0WW-JLT HC |
| | ) | |
|     Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR LACK |
| | ) | OF EXHAUSTION (Doc. 1) |
| v. | ) | |
| | ) | ORDER DENYING MOTION FOR STAY |
| COURT OF APPEALS, | ) | (Doc. 6) |
| | ) | |
|     Respondent. | ) | ORDER DIRECTING THAT OBJECTIONS |
| | ) | BE FILED WITHIN TWENTY DAYS |

    Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    The instant petition was filed on July 15, 2010. (Doc. 1). In the petition, Petitioner alleges as follows: (1) pursuant to Cunningham v. California, Petitioner's sentence to the upper term is illegal; and, (2) Petitioner has been subjected to an illegal double enhancement where she was sentenced to the upper term, that upper term was doubled under California's Two Strikes Law, and then additional enhancements were added for the same prior convictions used under the Two Strikes Law.

    After a preliminary review of the petition suggested that neither of Petitioner's claims had been presented to the California Supreme Court, the Court issued an Order to Show Cause why the petition should not be dismissed for lack of exhaustion. (Doc. 5). On August 9, 2010, Petitioner filed her response to the Order to Show Cause. (Doc. 6). In that response, Petitioner requests a stay of proceedings to exhaust her claims in state court.

**DISCUSSION**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882,

889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the Order to Show Cause, the Court indicated that, from its review of the petition, it appeared that Petitioner was at that time engaged in state court habeas proceedings in the Kern County Superior Court to exhaust her two claims in the instant petition. In Petitioner's response and motion for stay, she does not dispute this fact. Indeed, Petitioner attaches the face sheet to her Superior Court petition and the Superior Court's written order, dated June 28, 2010, denying her petition. (Doc. 6, pp. 6-8). Thus, it appears that Petitioner is presently preparing to file, or has already filed, her next state habeas proceedings in the California Court of Appeal. Therefore, necessarily, she has not yet presented either claim to the California Supreme Court. Accordingly, the Court finds that petition contains only unexhausted claims.

In requesting a stay of proceedings in order to exhaust her claims, Petitioner is impliedly acknowledging that her two claims are indeed unexhausted. Petitioner requests that the Court stay her petition until she exhausts those two claims. Under these circumstances, the Court cannot stay the proceedings. The Court cannot consider a petition that is entirely unexhausted. Rose, 455 U.S. at 521-22; Calderon, 107 F.3d at 760. A district court has the power to stay a petition that contains both exhausted and unexhausted claims, see, e.g., Rhines v. Weber, 544 U.S. 269 (2005); Kelly v. Small, 315 F.3d 1063, 1070 (9th Cir. 2004). However, the Court has no power to entertain or stay a *totally unexhausted* petition. Rose, 455 U.S. at 521-522.[1] Because the Court cannot consider an

---

[1] Petitioner should note, however, that under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which governs federal habeas corpus proceedings for state prisoners, the one-year statute of limitations for filing a federal petition is tolled (i.e., does not run) during the period in which a properly filed state habeas petition is pending. 28 U.S.C. § 2244(d)(2). Therefore, if Petitioner's first state habeas petition in the Kern County Superior Court was "properly filed," the one-year period did not run between the time of filing the petition and the date it was denied. Moreover, if Petitioner timely and properly files her next state petition in the California Court of Appeal, the one-year period will be tolled during the pendency of that petition as well. The same would be true of a petition properly filed in the California Supreme Court to exhaust Petitioner's state court remedies. In other words, although the instant petition may have to be dismissed because

3

unexhausted petition, it follows that the Court cannot stay an unexhausted petition either. Therefore, the Court will deny Petitioner's motion to stay.

## ORDER

Accordingly, the Court HEREBY ORDERS that Petitioner's motion for stay of proceedings (Doc. 6), is DENIED.

## RECOMMENDATION

The Court HEREBY RECOMMENDS as follows that the petition for writ of habeas corpus (Doc. 1), be DISMISSED for lack of exhaustion.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 12, 2010**                               /s/ Jennifer L. Thurston
                                                                    UNITED STATES MAGISTRATE JUDGE

---

it is entirely unexhausted, under the AEDPA the one-year period for filing a federal petition will not run as long as Petitioner is proceeding diligently to properly file state petitions in an effort to exhaust her state court remedies. Assuming Petitioner fairly presents both of her claims to the California Supreme court and does not permit more than one year of untolled time to elapse during the exhaustion process, she could still file a timely new federal habeas petition containing only exhausted claims.